UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| MARY BENEFIELD, et al., | ) |
| Petitioners, | ) |
| v. | ) Civil Action No.: 2:24-cv-104 |
| BRAD RAFFENSPERGER, et al., | ) |
| Respondents. | ) |

## MOTION TO STAY

Respondent, Attorney General Merrick Garland, has filed a Motion to Dismiss this action. Doc. 19, Respondent's Motion argues that the Petition should be dismissed because the Petitioners lack standing and because this Court lacks jurisdiction over their claims. Because engaging in discovery and discovery-related activities would burden the resources of both Petitioners and Respondent Garland, and because it could require discovery into claims ultimately dismissed, all discovery and discovery-related deadlines applicable to Respondent Garland should be stayed until this Court issues its ruling on the Motion to Dismiss.

## DISCLOSURE STATEMENT UNDER LOCAL RULE 7.1(b)

Prior to filing this motion, the undersigned Assistant U.S. Attorney contacted Petitioners' counsel to determine whether the stay sought in this Motion was opposed. Petitioners' counsel did not respond prior to filing.

## ARGUMENT

**I. Discovery should be stayed for the convenience of the parties and in the interests of justice.**

1

In general, district courts have "broad discretion in deciding how best to manage the cases before them." *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997)). Rule 26(d) vests district courts with broad discretion to alter the sequence of discovery for the convenience of the parties and in the interests of justice. Fed. R. Civ. P. 26(d); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985). In particular, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." *Chudasama*, 123 F.3d at 1367 (footnote omitted). Even when a partial dismissal could narrow the issues and reduce the scope of discovery, courts find good cause to stay discovery. *See, e.g., Moseley v. Sessions*, No. 2:16-cv-153, 2017 WL 1682537, at *1-3 (S.D. Ga. May 1, 2017) (Baker, J.).

Respondent Garland's pending Motion, Doc. 19, has the potential to dispose entirely of the claims at issue against Respondent Garland. An order staying discovery will protect both parties from the burdens and costs of unnecessary discovery. As the Eleventh Circuit has noted,

> Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama*, 123 F.3d at 1368. Respondent Garland's Motion constitutes only facial attack on the First Amended Complaint. The Motion challenges whether this Court has jurisdiction over Petitioner's claims and whether Petitioners have standing.

2

These are purely legal questions that should be resolved "before discovery begins." *See id.* at 1367. No discovery is necessary to evaluate Respondent's facial challenge.

## CONCLUSION

If granted, Respondent Garland's Motion to Dismiss will dispose of this case and prevent unnecessary and wasteful discovery. Therefore, Respondent requests that the Court stay all discovery and discovery-related deadlines related to Petitioners' claims until after it rules on the Motion to Dismiss.

A proposed order is attached.

Dated: November 25, 2024,    Respectfully submitted,

JILL E. STEINBERG
UNITED STATES ATTORNEY

*/s/ O. Woelke Leithart*
Idaho Bar No. 9257
Assistant United States Attorney
U.S. Attorney's Office
Post Office Box 8970
Savannah, Georgia  31412
Telephone:  (912) 652-4422
E-mail: Woelke.Leithart@usdoj.gov